IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BRANDY MCFARLAND,                    )
                                     )
          Plaintiff,                 )          Civil Action No. 2:24-cv-1691
                                     )
          v.                         )          Magistrate Judge Patricia L. Dodge
                                     )
LVNV FUNDING, LLC,                   )
                                     )
          Defendant.                 )

**MEMORANDUM OPINION**[1]

Plaintiff Brandy McFarland ("McFarland") brings this civil action against Defendant LVNV Funding, LLC ("LVNV"), alleging violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692 *et seq*. Pending before the Court are the parties' cross-motions for summary judgment. (ECF Nos. 42, 42). For the following reasons, the motions will be denied.

I.    **Procedural History**

This action was removed from the Allegheny County Court of Common Pleas on December 13, 2024. (ECF No. 1.) The initial Complaint named LVNV as a defendant and asserted one count alleging violation of the FDCPA. (ECF No. 1-1.) LVNV filed its Answer (ECF No. 5), and the case proceeded to discovery (ECF No. 7).

On April 16, 2025, McFarland amended her Complaint. The Amended Complaint added the law firm Pressler, Felt, & Warsaw, LLP ("PFW") as a defendant and asserted two claims under the FDCPA against both LVNV and PFW. (ECF No. 22.)

---

[1]  In accordance with 28 U.S.C. § 636(c), the parties have consented to full jurisdiction by a United States Magistrate Judge. (ECF Nos. 8, 12.) The undersigned therefore has authority to conduct all proceedings and enter final judgment.

Following the close of discovery, the parties stipulated to the voluntary dismissal with prejudice of all claims against PFW. (ECF No. 40.) McFarland and LVNV then filed the present cross-motions for summary judgment. (ECF Nos. 42, 43.) The motions have been fully briefed (ECF Nos. 44, 45, 46, 47, 48, 53, 54, 55, 56, 57, 58, 59, 60, 61), and are ready for disposition.

## II.    <u>Material Facts</u>

The facts here are largely undisputed. McFarland opened several different credit card accounts, four of which were eventually acquired by LVNV. (ECF Nos. 56 ¶ 4; 59 ¶ 1.) LVNV is described as a "passive debt buyer that purchases consumer debts." (ECF No. 56 ¶ 25.)

On July 17, 2024, LVNV, through its counsel PFW, filed a collection action against McFarland in Magisterial District Court to recover one of the accounts originating with Credit One Bank, N.A. (ECF Nos. 56 ¶ 9; 59 ¶ 2.) McFarland thereafter retained counsel to represent her in the Magisterial District Court action.[2]

On July 29, 2024, McFarland's counsel sent PFW a letter (the "Dispute Letter"). (ECF Nos. 56 ¶ 10; 59 ¶ 3.) The subject line of the Dispute Letter referenced the pending Magisterial District Court collection action by docket number, informed PFW that McFarland was represented by counsel, and instructed that all future communications be through her attorney. It also stated that the representation "includes any related debt(s) and/or credit account(s) your company claims to have sold, purchased and/or assigned from yourself, another creditor, debt buyer or other entity as of the date of this letter[]." (ECF No. 45-3 at 1.) In the second paragraph, the Dispute Letter stated: "According to my client, your company has been reporting the above-referenced accounts to collection and/or credit agencies. My client denies owing **LVNV FUNDING LLC** any amounts

---

[2]  The Magisterial District Court entered judgment in McFarland's favor and against LVNV on August 29, 2024. (ECF No. 59 ¶ 4.)

of money and demand proof of liability, accounting and ownership of these alleged accounts." (*Id.*) (emphasis in original). Finally, the last paragraph stated: "[W]e are disputing this debt, any related debt(s) and/or credit account(s)" allegedly owned by LVNV. (*Id.* at 2.)

On August 8, 2024, PFW forwarded the Dispute Letter to Resurgent Capital Services, LP ("Resurgent"). (ECF No. 56 ¶ 38.) LVNV uses Resurgent as its "master servicer, and authorizes Resurgent to furnish credit data under power of attorneys. Resurgent manages account records, responds to disputes, and furnishes credit information to consumer reporting agencies on LVNV's behalf." (*Id.* ¶¶ 25-26.) When Resurgent received notice of a dispute from an attorney or servicer, their policy requires a dispute flag to be placed on the account. (*Id.* ¶ 41.) On October 2, 2024, Resurgent furnished information to TransUnion regarding two alleged debts totaling $469 and $628 (collectively, the "at-issue tradelines"). (*Id.* ¶ 42.) Both tradelines were marked with Pay Status "In Collection" and Remarks "Placed for Collection." (*Id.* ¶ 43.) McFarland's debt associated with the Magisterial District Court collection action was marked as disputed. (*Id.* ¶ 40.)

## III.    **Legal Standard**

The Federal Rules of Civil Procedure provide that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment may be granted against a party who fails to adduce facts sufficient to establish any element essential to that party's case, and for which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The moving party bears the initial burden of identifying evidence which demonstrates the absence of a genuine issue of material fact. Once that burden has been met, the non-moving party

must set forth "specific facts showing that there is a genuine issue for trial" or the factual record will be taken as presented by the moving party and judgment will be entered as a matter of law. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). An issue is genuine only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In following this directive, a court must view the facts in the light most favorable to the non-moving party and must draw all reasonable inferences and resolve all doubts in the non-moving party's favor. *Hugh v. Butler Cnty. Fam. YMCA*, 418 F.3d 265, 267 (3d Cir. 2005); *Doe v. Cnty. of Centre, Pa.*, 242 F.3d 437, 446 (3d Cir. 2001). Where, as here, the parties have cross-moved for summary judgment, the Court analyzes each motion separately and draws all reasonable inferences against the party whose motion is under consideration. *Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 402 (3d Cir. 2016).

## IV.    <u>Discussion</u>

The purpose of the FDCPA is to eliminate abusive debt collection practices by debt collectors. 15 U.S.C. § 1692. "To prevail on an FDCPA claim, a plaintiff must prove that (1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the Act defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." *Jensen v. Pressler & Pressler*, 791 F.3d 413, 417 (3d Cir. 2015) (quoting *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014)).

The primary provision of the FDCPA at issue here is § 1692e. Section 1692e prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The statute provides a non-exhaustive list of prohibited conduct, including: "Communicating or threatening to communicate

4

to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." § 1692e(8).

## A. The Dispute Letter

Both parties seek summary judgment as to McFarland's claim under 15 U.S.C. § 1692e(8). The central issue in this case is not, however, the legal meaning of § 1692e(8) as the parties argue; it is the factual meaning and scope of the Dispute Letter. McFarland contends that the letter unambiguously disputed every account in her name that was owned or serviced by LVNV. Thus, she alleges LVNV violated § 1692e(8) by failing to mark the at-issue tradelines as disputed following receipt of the Dispute Letter on July 29, 2024.

Conversely, LVNV argues that because the Dispute Letter referenced only the account that was the subject of the then-pending Magisterial District Court collection action, it had no reason to believe McFarland was disputing all three accounts. The record contains evidence supporting both positions.

The Dispute Letter contains language that a reasonable factfinder could interpret broadly. For example, McFarland points to language referring to "any related debt(s) and/or credit account(s)" and to evidence showing that at least some portions of the correspondence were understood broadly by personnel employed by LVNV's servicer Resurgent. LVNV's Rule 30(b)(6) representative confirmed this by testifying that the Dispute Letter served as notice of attorney representation as to all of McFarland's accounts, not just the account subject to the Magisterial District Court collection action. (ECF No. 53 at 110-111.) A reasonable factfinder could therefore conclude that LVNV knew or should have known to mark all three accounts as disputed.

But LVNV has identified evidence that supports a narrower interpretation. Namely, the Dispute Letter was directed to counsel handling McFarland's specific Magisterial District Court collection action, identified the lawsuit by docket number in the subject line, and did not identify the two at-issue tradelines by account number, balance, creditor name, or any other distinguishing information. Thus, a reasonable factfinder could also conclude that the letter disputed only the account involved in the Magisterial District Court collection action.

It is not the Court's role to determine which interpretation is more persuasive. Assigning weight to evidence and making credibility determinations is a function reserved for the jury, far beyond the scope of summary judgment review. *Anderson*, 477 U.S. at 249 ("[A]t the summary judgment stage the judge's function is not [herself] to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."). Nor may the Court weigh competing inferences arising from the same evidence. *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004).

Because the record supports competing interpretations of the Dispute Letter, genuine issues of material fact remain concerning both the scope of the dispute and whether LVNV knew or should have known that the at-issue tradelines were disputed when the information was relayed to TransUnion. For these reasons, neither McFarland nor LVNV is entitled to summary judgment on this issue. Both parties' motion will therefore be denied.

### B. Bona Fide Error Defense

McFarland also seeks summary judgment on LVNV's bona fide error defense. Under 15 U.S.C. 1692k(c), a defendant may avoid liability if it can show "by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the

maintenance of procedures reasonably adapted to avoid any such error."

The record contains evidence that Resurgent personnel reviewed the Dispute Letter, coded one account as disputed, and interpreted the notice of dispute as applying only to the account involved in the Magisterial District Court collection action. Whether that interpretation was reasonable and whether LVNV can ultimately satisfy the statutory requirements of § 1692k(c) presents factual questions that cannot be resolved at the summary judgment stage. Accordingly, McFarland's motion will be denied.

### C. Section 1692g's Validation Procedures

LVNV's principal argument in support of its summary judgment motion is that the at-issue tradelines cannot qualify as "disputed debt[s]" within the meaning of § 1692e(8) because McFarland did not dispute them within the thirty-day validation period required under § 1692g.

Section 1592g sets forth a timeline within which a debt collector must provide a consumer with written notice of a debt. The consumer must then notify the debt collector within a thirty-day period that the debt is disputed. 15 U.S.C. § 1592g(a). The Third Circuit has repeatedly recognized that § 1692g and § 1692e impose distinct obligations. In *McLaughlin v. Phelan Hallinan & Schmieg, LLP*, the Court of Appeals rejected an argument that a consumer's failure to invoke § 1692g's validation procedures precluded an FDCPA claim under § 1692e. 756 F.3d 240, 247-48 (3d Cir. 2014). As the Court explained, § 1692g establishes certain rights and consequences if a consumer disputes a debt but does not create a prerequisite to relief under other FDCPA provisions. *Id.*

The text of § 1692e(8) likewise contains no thirty-day limitation. Nor does it require that a dispute be submitted in any particular form. Rather, liability turns on whether the debt collector

knew or should have known that the debt was disputed when communicating the credit information. Reading § 1692g's procedural requirements into § 1692e(8) would impose additional limitations beyond those included by Congress. *McLaughlin*, 756 F.3d at 247 ("The statute's text provides no indication that Congress intended to require debtors to dispute their debts under § 1692g before filing suit under § 1692e, and in fact, the statutory language suggests the opposite.").

The Court therefore declines to adopt LVNV's interpretation that a debt may become "disputed" for purposes of § 1692e(8) only though compliance with § 1692g.

### D.  Statutory Definitions

LVNV next argues that McFarland lacks evidence that the at-issue tradelines constitute "consumer debt" and that she has failed to show that LVNV is a "debt collector" within the meaning of the FDCPA. The Court disagrees.

Under the FDCPA, "consumer" means any person obligated to pay a debt, while "debt collector" encompasses "any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(3), (6). "Debt" is defined as the obligation of a consumer to pay money arising out of a transaction principally for personal, family or household purposes. 15 U.S.C. § 1692a(5).

McFarland has submitted evidence, including her deposition testimony, that she opened all of the credit card accounts referenced in this action and that she does not own a business. *See* ECF No. 45-1 at 10-12. She further clarified through an affidavit that she "has never owned, operated, managed, or participated in any business," and that "[a]ny credit account I have ever opened was for my own personal use." (ECF No. 60-1 ¶¶ 5-6.) Although LVNV challenges the sufficiency of

this evidence, credibility determinations and the weight afforded competing evidence are matters for the factfinder. *See Anderson*, 477 U.S. at 255. Viewing the evidence in the light most favorable to McFarland, the Court cannot conclude as a matter of law that the accounts fall outside the FDCPA.

Similarly, LVNV is not entitled to judgment as a matter of law on the ground that it is not a debt collector. In *Barbato v. Greystone Alliance, LLC*, the Third Circuit held that an entity whose principal purpose is the collection of debts may qualify as a debt collector under the FDCPA even where collection activities are outsourced to a third party. 916 F.3d 260 (3d Cir. 2019) ("[A]n entity that otherwise meets the 'principal purpose' definition cannot avoid the dictates of the FDCPA merely by hiring a third party to do its collecting.").

As discussed above, the present record contains evidence that LVNV purchased defaulted consumer debt and utilized Resurgent to service and collect those accounts. Viewing the record in McFarland's favor, a reasonable factfinder could conclude that LVNV qualifies as a debt collector under the FDCPA regardless of whether it directly interacted with consumers or Resurgent interacted on its behalf.

## V.    Conclusion

The principal issues remaining for trial in this matter are factual. The factfinder must determine what the Dispute Letter objectively conveyed, whether LVNV knew or should have known that the at-issue tradelines were disputed, whether LVNV's conduct violated § 1692e(8), and whether LVNV can satisfy the requirements of the bona fide error defense.

For these reasons, the motions for summary judgment filed by Defendant LVNV Funding, LLC (ECF No. 42) and Plaintiff Brandy McFarland (ECF No. 43) will be DENIED.

Appropriate orders to follow.


Dated:  June 12, 2026                          /s/ Patricia L. Dodge
                                               PATRICIA L. DODGE
                                               UNITED STATES MAGISTRATE JUDGE